Argued June 29, reversed and remanded July 17, motion to recall mandate allowed October 16, 1917.

## PARRINGTON *v.* WEINBERGER.

(166 Pac. 528.)

**Exemptions—Labor Performed in Business—Statute.**

1. Where three coadventurers agreed to divide sums received from refunds on freight bills which two of them had solicited from a firm, and such two secured the freight bills from the firm, and turned them over to their associate, who checked, revised, and sent them to the railroad company for refund, so that the firm received a sum in refunds, the two associates did not perform labor for the other within Section 227, L. O. L., providing that, where labor is performed for any person engaged in any trade, business, avocation, occupation, or pursuit to enable him to carry it on, no article of personalty, implement, or apparatus employed by him in his business shall be exempt from execution on judgment recovered for such labor.

[As to exemption of earnings of debtor from execution, see note in 102 Am. St. Rep. 82.]

From Multnomah: ROBERT G. MORROW, Judge.

Action in replevin by A. J. Parrington against Andy Weinberger, constable for Multnomah County,

86 Or.—4

Oregon, in which the defendants prevailed in the lower court and plaintiff appealed. Reversed and remanded with directions.

Department 1. Statement by Mr. Justice Benson.

This is an action in replevin. The case was tried in the Circuit Court without a jury upon an agreed statement of facts which is not before us. The record upon this appeal consists of the pleadings, findings of fact, conclusions of law and judgment. The findings are as follows:

"That on the fourteenth day of October, 1915, A. S. Whiting recovered a judgment against the plaintiff herein in the district court of the state of Oregon, for Multnomah County, in the sum of $179.32 and a further sum of $22.38 costs and disbursements.

"That said judgment was recovered as commissions claimed by said A. S. Whiting and one G. W. Crossen to be due them from the plaintiff herein under an oral agreement by which they were to have a certain proportion of whatever sum might be received in refunds on certain freight bills which said Whiting and Crossen had solicited and obtained from Twohy Brothers for revision.

"That plaintiff is engaged in the occupation and business of revising and adjusting freight bills and claims of shippers and consignees for overcharges on freight transported by common carriers.

"That said Whiting had been acting as freight bill solicitor for plaintiff under an arrangement whereby said Whiting had received a commission of 50% of all moneys received by plaintiff on freight bills solicited and secured by said Whiting, but said Whiting ceased such connection with the plaintiff on January 6th, 1913, and went to work in the office of the tax assessor of Multnomah County, where said Crossen was employed, and thereafter said Whiting and Crossen went to plaintiff and made an arrangement with him whereby said Whiting and Crossen were to

endeavor to secure said freight bills from said Twohy Brothers for revision, which bills, if so secured, would be turned over to plaintiff to be revised by him and sent to the railroad company for refund on behalf of said Twohy Brothers, and in case a refund was obtained from the railroad company by said Twohy Brothers, then Twohy Brothers were to turn over to plaintiff one-half of such refund as full compensation for himself and said Whiting and Crossen, which sum was to be divided by plaintiff among said three in the proportion of one-third to each.

"That said A. S. Whiting and G. W. Crossen did secure from said Twohy Brothers said freight bills and turned them over to this plaintiff in accordance with said agreement, and plaintiff checked, revised and sent same to the railroad company for refund, and said Twohy Brothers received in refunds thereon the sum of approximately $1018.00, of which sum, one-half, or $509.00 was paid over to the plaintiff to be divided between plaintiff, said A. S. Whiting and G. W. Crossen.

"That said A. S. Whiting and G. W. Crossen claimed that plaintiff turned over to them only one-third of the sum so received by him, and thereupon brought their action for the recovery of the other one-third and obtained judgment in said action."

"That execution was duly issued out of said district court on the judgment mentioned in findings of fact No. 1 herein, and was given to the defendant Weinberger as constable, and a levy was thereupon made by defendant as such constable on the railroad tariffs, books, files, desks, and typewriter of plaintiff, sought to be recovered herein.

"That this action was commenced and tried in the district court of Oregon for Multnomah County where defendant recovered a judgment from which plaintiff appealed to this court, giving an undertaking with Margaret Parrington as surety, conditioned to pay all costs and disbursements that might be awarded against plaintiff on said appeal.

"That plaintiff claimed said articles so levied upon by the constable as exempt from execution, on the ground that said articles constituted the tools, apparatus, implements and library habitually used by the plaintiff in earning his living, and that he was unable to earn his living without them, and that said articles were worth not more than $400.00, and due and timely notice of plaintiff's said claim of exemption was given the defendant, but defendant refused to recognize or admit such exemption, and has refused to release or return said property to plaintiff, but has sold same under said levy. That said articles are of the reasonable value of $185.00."

From these the trial court deduced the following conclusions of law:

"That the judgment recovered by the said A. S. Whiting in said district court was for services and labor performed by said Whiting and Crossen for the plaintiff herein, and enabled and assisted the plaintiff to carry on his occupation and business.

"That the railroad tariffs, books, files, desks and typewriter used by the plaintiff in earning his living are not exempt from execution and sale by the defendant as constable on the judgment mentioned in the findings of fact herein.

"That plaintiff is not entitled to any judgment against the defendant herein, but defendant is entitled to a judgment against the plaintiff and the surety on his appeal from the district court for the costs and disbursements of this action. 3 May, 1916."

A judgment having been entered thereon in favor of defendant, plaintiff appeals.

REVERSED AND REMANDED.

For appellant there was a brief over the names of *Mr. Arthur Langguth, Mr. Henry Lyons* and *Mr. Charles M. Hodges,* with oral arguments by *Mr. Langguth* and *Mr. Lyons.*

For respondent there was a brief over the names of *Mr. E. A. Geneste* and *Mr. Virgil L. Clark,* with an oral argument by *Mr. Geneste.*

MR. JUSTICE BENSON delivered the opinion of the court.

The one question for our consideration is this: Do the findings of fact justify the conclusions of law, and the consequent judgment? The determination reached by the trial court is based upon Section 227, subd. 8, L. O. L., which reads thus:

"In all cases, however, where advances of goods, wares, merchandise, or money are made to, or labor performed for any person engaged in any undertaking, trade, business, avocation, occupation, or pursuit, to enable or assist such person to carry on such undertaking, trade, business, avocation, occupation, or pursuit, or which shall be used or employed for any such purpose, then no article of personal property, tool, implement, or apparatus used or employed by such person in such undertaking, trade, business, avocation, occupation, or pursuit, or money due such person growing out of or incident thereto, shall be exempt from execution on a judgment recovered for such advances or for such labor performed."

This section clearly provides that the exemptions named in the statute shall not protect any property as against the claim of a laborer for his compensation. It follows that if Whiting and Crossen have performed labor for Parrington, then the judgment should be affirmed. We are of the opinion, however, that the findings of fact do not justify such an inference. On the contrary, the facts disclose a joint adventure, the profits of which were to be shared equally by the three coadventurers and no one of them can be said to be in the employ of either of his associates. This being

true, the personal property was exempt from execution and the plaintiff is entitled to recover. The judgment is therefore reversed and the cause remanded to the lower court with direction to enter a judgment for plaintiff.                    REVERSED AND REMANDED.

MR. CHIEF JUSTICE MCBRIDE, MR. JUSTICE BURNETT and MR. JUSTICE HARRIS concur.

Allowed October 16, 1917.

MOTION TO RECALL MANDATE.

(166 Pac. 528.)

On motion to recall mandate and correct judgment entry. Motion allowed.

*Mr. Elmon A. Genesta* and *Mr. Virgil L. Clark,* for the motion.

*Mr. Arthur Langguth, Mr. Henry L. Lyons* and *Mr. Charles M. Hodges, contra.*

Department 1. MR. JUSTICE BENSON delivered the opinion of the court.

The petition of defendant herein calls our attention to a serious oversight in the original opinion, wherein we directed a judgment to be entered in accordance with the prayer of the complaint. The record discloses that the complaint alleges damages in the sum of $100, which allegation was denied by the answer and no evidence was offered upon the issue. Under these conditions the plaintiff is not entitled to a judgment for dam-

ages and the mandate will therefore be corrected in accordance herewith.          MOTION ALLOWED.

MR. CHIEF JUSTICE MCBRIDE, MR. JUSTICE BURNETT and MR. JUSTICE HARRIS concur.